UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EMILIANO Z., § | |
|     Plaintiff, § | |
| § | |
| v. § | |
| § | CASE NO. 1:21-CV-00562-RP |
| HAYS COUNTY JUVENILE DETENTION § | |
| CENTER and BRETT LITTLEJOHN, § | |
| in his official capacity, § | |
|     Defendants. § | |

**DEFENDANTS' RULE 12(b)(7) MOTION TO DISMISS
FOR FAILURE TO JOIN A REQUIRED PARTY OR, IN THE ALTERNATIVE,
RULE 19 MOTION TO JOIN A REQUIRED PARTY TO THIS LAWSUIT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE ROBERT PITMAN:

    Defendants Hays County Juvenile Detention Center ("HCJC") and Brett Littlejohn, in his official capacity ("Littlejohn"), (collectively, "Defendants") file this Rule 12(b)(7) Motion to Dismiss for Failure to Join a Required Party or, in the alternative, Rule 19 Motion to Join a Required Party to this Lawsuit. In support thereof, Defendants would respectfully show the Court as follows:

**I.
INTRODUCTION**

    1.    Plaintiff Emiliano Z. ("Plaintiff") filed this lawsuit against Defendants on June 24, 2021. Dkt. 1. Plaintiff's claims center around his approximately 48-day confinement at HCJC in the summer of 2020.

    2.    In his Original Complaint, Plaintiff asserts claims against Defendants under 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 2008. Dkt. 1, at 8-10.

*Defendants' Rule 12(b)(7) Motion to Dismiss for Failure to Joint a Required Party or,
in the Alternative, Rule 19 Motion to Join a Required Party to This Lawsuit*    Page 1
2410408.v1

3. In his Original Complaint, Plaintiff also appeals the dismissal of his claims under the Individuals with Disabilities Education Act ("IDEA") by Texas Special Education Hearing Officer Kathryn Lewis ("Hearing Officer Lewis"). Dkt. 1, at 2-3.

4. Under the IDEA, eligible students are entitled to a "free and appropriate public education" ("FAPE") that provides special education and related services designed to meet their unique needs. *See* 20 U.S.C. § 1400(d)(1)(A); 34 C.F.R. § 300.101(a). Instruction and services must comport with an Individualized Education Program ("IEP") designed to meet the student's needs. *See* 20 U.S.C. § 1401(9)(A)-(D).

5. JHW Inspire Academy – Hays County ("Inspire Academy")[1] is a public charter school that provides educational services to eligible residents of HCJC pursuant to a "Memorandum of Understanding By and Between the John H. Woods, Jr. Public Charter District and Hays County Juvenile Center for Educational Services to Eligible Residential Students" ("MOU"), a true and correct copy of which is attached as **Exhibit A**.

6. Under the MOU, it is undisputed that Inspire Academy is the "local education agency" ("LEA") that is responsible for the provision of IDEA educational and related services at HCJC. *See* Exhibit A; *see also* 19 TEX. ADMIN. CODE § 89.1115(d)(1)(A) ("LEAs must provide or ensure the provision of a FAPE to students with disabilities residing in residential facilities in accordance with the IDEA, applicable federal regulations, and state laws and rules").

7. Under Rule 19 of the Federal Rules of Civil Procedure, Inspire Academy is a required party to this action. Through his IDEA claims, Plaintiff is requesting relief that only Inspire Academy—as the LEA—can provide. Yet, during the pendency of the administrative

---

[1] Inspire Academy is operated by a public charter school district known as Inspire Academies (John H. Woods Charter School).

*Defendants' Rule 12(b)(7) Motion to Dismiss for Failure to Joint a Required Party or,*
*in the Alternative, Rule 19 Motion to Join a Required Party to This Lawsuit*   Page 2
2410408.v1

hearing below, Plaintiff settled his IDEA claims against Inspire Academy and dismissed Inspire Academy with prejudice. For this exact reason, Hearing Officer Lewis found that Plaintiff had already obtained relief on his IDEA claims and granted HCJC's motion to dismiss.

8.      Because Plaintiff has failed to join a required party, and the joinder of Inspire Academy is barred by res judicata, Defendants move the Court dismiss Plaintiff's IDEA claims from this lawsuit.

## II.
### FACTUAL AND PROCEDURAL BACKGROUND

9.      On or about May 20, 2020, Plaintiff was placed at a facility operated by HCJC. *See* **Exhibit B**, January 31, 2022 Affidavit of Brett Littlejohn, at ¶ 9; **Exhibit B-1**, February 26, 2021 Affidavit of Brett Littlejohn, at ¶ 9. Pursuant to the operational policy of HCJC in accordance with then-existing COVID-19 guidance, Plaintiff was placed in medical quarantine for two (2) weeks in an effort to stop the spread of the COVID-19 virus and protect the residents and staff of HCJC from infection. *See* Exhibit B, at ¶ 9; Exhibit B-1, at ¶ 9. After Plaintiff was released from medical quarantine, he subsequently contracted COVID-19 and was placed back in medical quarantine. *See* Exhibit B, at ¶ 9; Exhibit B-1, at ¶ 11. Plaintiff was eventually released from HCJC on or about July 7, 2020. *See* Exhibit B, at ¶ 9; Exhibit B-1, at ¶ 12.[2]

10.     On June 26, 2020, Plaintiff filed an administrative complaint against Inspire Academy and HCJC (TEA Docket No. 289-SE-0620), requesting an IDEA due process hearing with the Texas Education Agency. A true and correct copy of Plaintiff's Original Complaint Requesting Due Process Hearing is attached as **Exhibit C.** In it, Plaintiff alleged that HCJC and

---

[2] On October 21, 2020, Plaintiff was arrested on different charges. *See* Exhibit B, at ¶ 9; Exhibit B-1, at ¶ 12. Following his second arrest, Plaintiff was in the custody of HCJC until April 26, 2021. *See* Exhibit B, at ¶ 10. None of Plaintiff's claims in this lawsuit relate to his second confinement at HCJC.

*Defendants' Rule 12(b)(7) Motion to Dismiss for Failure to Joint a Required Party or,*
*in the Alternative, Rule 19 Motion to Join a Required Party to This Lawsuit*                    *Page 3*
2410408.v1

Inspire Academy: (i) failed to identify Plaintiff as a student in need of special education, (ii) denied Plaintiff a FAPE by failing to develop and implement an IEP, and (iii) denied Plaintiff a FAPE by failing to provide related services. *See* Exhibit C. To remedy these alleged violations, Plaintiff requested (among other things) the following relief: (i) compensatory education services, (ii) an IEP in all areas of actual or suspected need, (iii) a finding that Plaintiff has been denied a FAPE, and (iv) reimbursement for expenses related to education and related services incurred by Plaintiff. *See* Exhibit C, at 5.

11. Less than two (2) weeks later, Plaintiff filed a motion to dismiss Inspire Academy *with prejudice* because Plaintiff and Inspire Academy "had resolved all matter before th[e] Hearing Officer." *See* **Exhibit D**, Plaintiff's Motion to Dismiss Inspire Academy with Prejudice.

12. Subsequently, HCJC filed a motion to dismiss with Hearing Officer Lewis. A true and correct copy of HCJC's motion to dismiss is attached as **Exhibit E**. Hearing Officer Lewis granted the motion and dismissed Plaintiff's claims against HCJC on March 26, 2021. A true and correct copy of the order granting HCJC's motion to dismiss is attached as **Exhibit F**.

13. In her order granting HCJC's motion to dismiss, Hearing Officer Lewis held that, under Texas law implementing the IDEA, Inspire Academy—not HCJC—was the LEA responsible for providing Plaintiff a FAPE while he was a resident at HCJC. *See* Exhibit F, at 3-4 (citing 19 TEX. ADMIN. CODE § 89.1115(d)(1)(A) and TEX. EDUC. CODE § 29.012(d)).

14. Because Plaintiff had settled his claims against Inspire Academy (the LEA), Hearing Officer Lewis found that Plaintiff "obtained a remedy and is receiving a FAPE." Exhibit F, at 5. Accordingly, Hearing Officer Lewis dismissed all of Plaintiff's IDEA claims against HCJC and held:

- "[U]nder state regulations governing the provision of a FAPE to students with disabilities in residential facilities, ***the obligation to provide [Plaintiff] with a FAPE rests with the LEA, rather than HCJC***. . . . Specifically, '***LEAs must provide or ensure the provision of a FAPE to students with disabilities residing in residential facilities*** in accordance with the IDEA, applicable federal regulations, and state laws and rules.'" Exhibit F, at 3–4 (quoting 19 TEX. ADMIN. CODE § 89.1115(d)(1)(A)) (emphasis added).

- Texas law "place[s] the responsibility for providing or ensuring the provision of FAPE to students with disabilities residing in residential facilities, including HCJC, squarely on LEAs. ***[Plaintiff] raised—and previously settled—claims against Inspire Academies, the LEA responsible for providing [Plaintiff] a FAPE while a resident at HCJC.*** As a result, [Plaintiff] has been evaluated by the LEA, identified as eligible for special education and related services, and has an IEP being implemented by the LEA. Because [Plaintiff's] educational needs are being met by the Inspire Academies consistent with the LEA's obligation to provide or ensure the provision of FAPE, dismissal of [Plaintiff's] claims under the IDEA against HCJC is appropriate." Exhibit F, at 4 (citing 19 TEX. ADMIN. CODE § 89.1115 and TEX. EDUC. CODE § 29.012(d)) (emphasis added) (emphasis added).

15. Before this Court, Plaintiff now appeals Hearing Officer Lewis' order granting HCJC's motion to dismiss. Dkt. 1, at 2-4.

16. Because Inspire Academies is an absent, required party that cannot be joined, Defendants respectfully request that the Court dismiss Plaintiff's IDEA claims from this lawsuit. In the alternative, if this Court finds that the joinder of Inspire Academy is feasible, Defendants respectfully request that the Court order the joinder of Inspire Academy as a required party.

### III.
### ARGUMENTS AND AUTHORITIES

17. Rule 19 of the Federal Rules of Civil Procedure governs the joinder of absent parties. FED. R. CIV. P. 19. Under Rule 19(a)(1), a person who is subject to process whose joinder will not deprive the court of subject matter jurisdiction must be joined if:

*Defendants' Rule 12(b)(7) Motion to Dismiss for Failure to Joint a Required Party or,*
*in the Alternative, Rule 19 Motion to Join a Required Party to This Lawsuit*   *Page 5*
2410408.v1

    (A)    in that person's absence, the court cannot afford complete relief among existing parties; or

    (B)    that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may:

        (i)    as a practical matter impair or impede the person's ability to protect the interest; or

        (ii)    leave an existing part subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1).

18.    Rule 12(b)(7) of the Federal Rules of Civil Procedure provides for the dismissal of a case or claim for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7); *HS Res., Inc., v. Wingate,* 327 F.3d 432, 438 (5th Cir. 2003).[3] "Rule 19(a) provides a framework for deciding whether a given person should be joined," and "Rule 19(b) guides the court in deciding whether the suit should be dismissed if that person cannot be joined." *Pulitzer—Polster v. Pulitzer,* 784 F.2d 1305, 1309 (5th Cir. 1986).

19.    In resolving a Rule 19 challenge, the Fifth Circuit mandates a two-step inquiry. *See Hood ex rel. Mississippi v. City of Memphis, Tenn.,* 570 F.3d 625, 628 (5th Cir. 2009). First, the court determines whether an absent party should be joined to the lawsuit under Rule 19(a). *See id.* "While the party advocating joinder has the initial burden of demonstrating that an absent party is necessary, after an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id.* (quoting *Pulitzer,* 784 F.2d at 1309).

20.    If the court determines that an absent party is required under Rule 19(a) but cannot be joined, the court then turns to Rule 19(b) to determine whether "in equity or good conscience,

---

[3] "In considering a motion pursuant to Rule 12(b)(7), courts may consider information outside the pleadings." *Texas v. Ysleta del sur Pueblo,* 2018 U.S. Dist. LEXIS 223055, at *7–8 (W.D. Tex. Aug. 27, 2018) (citing *Estes v. Shell Oil Co.,* 234 F.2d 847, 852 n.5 (5th Cir. 1956)).

the action should proceed among the existing parties or should be dismissed." *Id.* at 633 (quoting Fed. R. Civ. P. 19(b)).

21. As set forth below, Inspire Academies is a required party to this lawsuit under both Rule 19(a)(1)(A) and Rule 19(a)(1)(B)(ii). Moreover, because Plaintiff has already dismissed his IDEA claims against Inspire Academy ***with prejudice***, joinder is not feasible. Accordingly, Plaintiff's IDEA claims in this lawsuit should be dismissed.

**A.   As the LEA, Inspire Academy is a Required Party to this Lawsuit**

    **i.   Complete Relief Cannot Be Afforded in Inspire Academy's Absence**

22. Rule 19(a)(1)(A) mandates joinder of a person if, "in that person's absence, the court cannot afford complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). "In determining whether complete relief can be accorded, the key inquiry is whether 'the court would be obliged to grant partial or 'hollow' rather than complete relief *to the parties before the court*.'" *Texas v. Ysleta del sur* Pueblo, 2018 U.S. Dist. LEXIS 223055, at *15 (W.D. Tex. Aug. 27, 2018) (quoting *Cardinal Health Solutions, Inc. v. Valley Baptist Med. Ctr.,* 2008 U.S. Dist. LEXIS 99187, at *11 (S.D. Tex. Dec. 8, 2008) and Fed. R. Civ. P. 19 Advisory Committee Note) (emphasis in original).

23. With respect to his IDEA claims, Plaintiff has pled that he seeks "the relief requested of the Special Education Officer." Dkt. 1, at 10. In the administrative proceedings below, Plaintiff requested relief in the form of: (i) compensatory education services, (ii) an IEP in all areas of actual or suspected need, (iii) a finding that Plaintiff has been denied a FAPE, and (iv) reimbursement for expenses related to education and related services incurred by Plaintiff. *See* Exhibit C, at 5. As discussed below, this is relief that only Inspire Academy can provide to Plaintiff.

*Defendants' Rule 12(b)(7) Motion to Dismiss for Failure to Joint a Required Party or,*
*in the Alternative, Rule 19 Motion to Join a Required Party to This Lawsuit*     *Page 7*
2410408.v1

24. Under the Texas regulations that implement the IDEA, "LEAs must provide or ensure the provision of a FAPE to students with disabilities residing in residential facilities in accordance with the IDEA, applicable federal regulations, and state laws and rules." TEX. ADMIN CODE § 89.1115(d)(1)(A).

25. Here, Plaintiff *himself* has admitted that Inspire Academy is the LEA. *See* Exhibit C, at ¶ 2 (identifying John H. Wood Charter School – Inspire Academy "as the local educational agency ('LEA' herein) that oversees the educational component of Hays County Juvenile Center"). Plaintiff's own conclusion is consistent with State law and the text of the MOU between HCJC and Inspire Academy, as well as Hearing Officer Lewis' order grating HCJC's motion to dismiss. *See* 19 TEX. ADMIN. CODE § 89.1115(d)(1)(A); Exhibit A; Exhibit F, at 2.

26. Pursuant to his IDEA claims, Plaintiff is requesting relief that only Inspire Academy—as the undisputed LEA—can provide to Plaintiff. Therefore, if Plaintiff were to prevail on his IDEA claims, the Court "would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." *Cardinal Health Solutions*, 2008 U.S. Dist. LEXIS 99187, at *11 (quoting FED. R. CIV. P. 19 Advisory Committee Note). On this basis alone, the Court should find that Inspire Academy is a required party in this action. *See* FED. R. CIV. P. 19(a)(1)(A).

    **ii.  Inspire Academy Has an Interest in the Subject Matter of this Lawsuit and Defendants Face a Substantial Risk of Incurring Inconsistent Obligations if Relief is Accorded in Inspire Academy's Absence**

27. Rule 19(a)(1)(B)(ii) provides another basis for the Court to find that Inspire Academy is a required party. It requires joinder of an absent party if "that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double,

*Defendants' Rule 12(b)(7) Motion to Dismiss for Failure to Joint a Required Party or,*
*in the Alternative, Rule 19 Motion to Join a Required Party to This Lawsuit*    *Page 8*
2410408.v1

multiple, or otherwise inconsistent obligations because of the interest." FED. R. CIV. P. 19(a)(1)(B)(ii).

28. In the case at bar, the subject matter of Plaintiff's IDEA claims is his right to a FAPE. *See* 20 U.S.C. § 1400(d)(1)(A); 34 C.F.R. § 300.101(a); Exhibit C; Dkt. 1. As the undisputed LEA, Inspire Academy is the only party responsible for providing Plaintiff with a FAPE. *See* 19 TEX. ADMIN. CODE § 89.1115(d)(1)(A); TEX. EDUC. CODE § 29.012(d)(1). As Hearing Officer Lewis concluded in the administrative proceedings below, the IDEA and implanting Texas regulations are clear on this point. *See* Exhibit F, at 3 ("under state regulations governing the provision of a FAPE to students with disabilities in residential facilities, the obligation to provide [Plaintiff] a FAPE rests with the LEA, rather than HCJC"). Taken together, Inspire Academy has a clear interest in the subject matter of Plaintiff's IDEA claims.

29. Neither Plaintiff nor Inspire Academy can credibly argue that Inspire Academy does not have an interest in the subject matter of Plaintiff's IDEA claims. As discussed above, Plaintiff and Inspire Academy executed a settlement agreement over Plaintiff's IDEA claims, and Plaintiff dismissed Inspire Academy from the administrative proceeding ***with prejudice***. *See* Exhibit D.

30. Moreover, awarding Plaintiff his requested IDEA relief in the absence of Inspire Academy would effectively convert HCJC into the LEA. But, as all parties recognize (including Plaintiff, Inspire Academy, and Hearing Officer Lewis), Inspire Academy is the LEA. If the Court were to order Defendants to provide Plaintiff with his requested IDEA relief, Defendants' obligations would be inconsistent with Texas law defining the responsible LEA and the MOU between Inspire Academy and HCJC. Therefore, in the absence of Inspire Academy, Defendants

*Defendants' Rule 12(b)(7) Motion to Dismiss for Failure to Joint a Required Party or,*
*in the Alternative, Rule 19 Motion to Join a Required Party to This Lawsuit*                                                                                  *Page 9*
2410408.v1

would be subject to a substantial risk of incurring inconsistent obligations. Consequently, Inspire Academies is a required party under Rule 19(a)(1)(B)(ii). *See* FED. R. CIV. P. 19(a)(1)(B)(ii).

### iii. Joinder of Inspire Academy Comports with Federal Policy

31. Joinder of Inspire Academy is consistent with the federal policy of complete adjudication of disputes. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724 (1966) (observing that, under the Federal Rules of Civil Procedure, "the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged"). Because Inspire Academy is the undisputed LEA, the Court must find that Inspire Academy is a required party in order to facilitate the complete adjudication of Plaintiff's IDEA claims.

**B.    Because Plaintiff Settled His IDEA Claims with Inspire Academy, Plaintiff's IDEA Claim Against Defendants Should Be Dismissed**

32. Under Rule 19(b), "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity or good conscience, the action proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). "Pragmatic and equitable considerations control the Rule 19(b) analysis." *Lone Star Indus., Inc. v. Redwine,* 757 F.2d 1544, 1552 (5th Cir. 1985). "The Supreme Court has cautioned that 'whether a particular lawsuit must be dismissed in the absence of [a party] . . . can only be determined in the context of a particular litigation.'" *Moss v. Princip,* 913 F.3d 508, 515 (5th Cir. 2019) (quoting *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 117 (1968)). Thus, "there is no prescribed formula for determining in every case whether a [party] is an indispensable party." *Id.* (quoting *Patterson,* 390 U.S. at 118 n.14).

33. Here, although it is a required party, Inspire Academy cannot be joined to this lawsuit. It is undisputed that Plaintiff settled his IDEA claims against Inspire Academy, and

*Defendants' Rule 12(b)(7) Motion to Dismiss for Failure to Joint a Required Party or,*
*in the Alternative, Rule 19 Motion to Join a Required Party to This Lawsuit*          Page 10
2410408.v1

dismissed Inspire Academy *with prejudice*. *See* Exhibit D. In the administrative proceedings below, Hearing Officer Lewis cited this as the foundational reason why Plaintiff's IDEA claims against HCJC should be dismissed. *See* Exhibit F, at 3–4.

34.     Therefore, res judicata prevents the Court from joining Inspire Academy. *See Dillard v. Security Pacific Brokers, Inc.,* 835 F.2d 607, 608 (5th Cir. 1988) (citing *Astron Indus. Assoc., Inc. v. Chrysler Motors Corp.,* 405 F.2d 958, 960 (5th Cir. 1968) ("a dismissal with prejudice at any stage of a judicial proceeding ordinarily constitutes a final judgment on the merits which bars a later suit on the same cause of action").

35.     In determining whether to dismiss a case under Rule 19(b), courts consider the following factors:

(1)     prejudice to an absent party or others in the lawsuit from a judgment;
(2)     whether the shaping of relief can lessen prejudice to absent parties;
(3)     whether an adequate relief can be given without participation of the party; and
(4)     whether the plaintiff has another effective forum if the suit is dismissed.

*HS Res., Inc., v. Wingate,* 327 F.3d 432, 439 (5th Cir. 2003) (citing FED. R. CIV. P. 19(b)). Dismissal of a claim need not be supported by each of the four factors. *See, e.g., Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.,* 312 F.3d 82, 88–89 (2d Cir. 2002).

36.     Here, three of the four factors weigh in favor of dismissing Plaintiff's IDEA claims from this lawsuit. And, because Plaintiff has settled his IDEA claims with Inspire Academy, the fourth factor is not applicable.

37.     Under the first factor, if the Court were to award relief to Plaintiff on his IDEA claims without Inspire Academy present, both Inspire Academy and Defendants would be prejudiced. Inspire Academy would be prejudiced because it would be unable to defend its interests and rights as the LEA responsible for providing Plaintiff with a FAPE. Moreover, Defendants

*Defendants' Rule 12(b)(7) Motion to Dismiss for Failure to Joint a Required Party or,*
*in the Alternative, Rule 19 Motion to Join a Required Party to This Lawsuit*   Page 11
2410408.v1

would be prejudiced by a potential ruling that effectively converts HCJC into the LEA. As discussed above, this would impose inconsistent obligations on HCJC, who is not the LEA.

38. Under the second factor, relief to Plaintiff on his IDEA claims cannot be shaped to lessen prejudice on Inspire Academy. As the undisputed LEA, Inspire Academy is the only party legally obligated to provide Plaintiff with a FAPE. Any ruling in favor of Plaintiff must necessarily implicate Inspire Academy, who would be prejudiced if not joined.

39. Under the third factor, the Court cannot award Plaintiff any meaningful relief on his IDEA claims without the participation of Inspire Academy. As the undisputed LEA, Inspire Academy is the only party the Court can compel to provide Plaintiff with a FAPE.

40. The fourth factor is inapplicable in the context of this litigation. *See Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 117 (1968) ("whether a particular lawsuit must be dismissed in the absence of [a party] . . . can only be determined in the context of a particular litigation"). As discussed above, Plaintiff settled his IDEA claims against Inspire Academy and dismissed them with prejudice in the administrative proceedings below. *See* Exhibit D. In that sense, Plaintiff not only had a forum to obtain relief on his IDEA claims, but ***actually obtained relief*** through that forum.

41. Taken together, the Rule 19(b) factors militate in favor of dismissal. Accordingly, this Court should enter an order dismissing Plaintiff's IDEA claims against Defendants with prejudice.

*Defendants' Rule 12(b)(7) Motion to Dismiss for Failure to Joint a Required Party or,*
*in the Alternative, Rule 19 Motion to Join a Required Party to This Lawsuit*     Page 12
2410408.v1

## IV.
## CONCLUSION

Accordingly, Defendants Hays County Juvenile Detention Center and Brett Littlejohn, in his official capacity, pray that the Court:

(a) find, as a matter of law, that Inspire Academy is a required party as to Plaintiff's IDEA claims under Rule 19(a) of the Federal Rules of Civil Procedure;

(b) pursuant to Rules 12(b)(7) and 19(b), dismiss Plaintiff's IDEA claims from this lawsuit;

(c) in the alternative, if the Court finds that Inspire Academy can be joined as a required party, enter an order compelling Plaintiff to join Inspire Academy as a required party to this action; and

(d) for all such other relief, in law or equity, that they may be justly entitled.

Respectfully submitted,

**MCGINNIS LOCHRIDGE LLP**
600 Congress Avenue, Suite 2100
Austin, Texas 78701
512.495.6000 (telephone)
512.495.6093 (telecopier)
mshaunessy@mcginnislaw.com
ejohnston@mcginnislaw.com

By:   */s/ Michael Shaunessy*
      MICHAEL SHAUNESSY
      State Bar No. 18134550
      ERIC A. JOHNSTON
      State Bar No. 24070009

*Attorneys for Defendants Hays County Juvenile Detention Center and Brett Littlejohn, in his official capacity*

## CERTIFICATE OF SERVICE

      I hereby certify that, on the 31st day of January, 2022, I electronically filed with the Clerk of the Court the foregoing document using the CM/ECF system and that the CM/ECF system will provide service of such filing via Notice of Electronic Filing to the following parties:

Jordan McKnight
ATTORNEY AT LAW
P. O. Box 664
Little Elm, Texas 75068
jordanmcknightlaw@gmail.com
*Attorneys for Plaintiff Emiliano Z.*

                                                   */s/ Michael Shaunessy*
                                                   MICHAEL SHAUNESSY
                                                   ERIC A. JOHNSTON

*Defendants' Rule 12(b)(7) Motion to Dismiss for Failure to Joint a Required Party or,*
*in the Alternative, Rule 19 Motion to Join a Required Party to This Lawsuit*       *Page 14*
2410408.v1