# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **EMILIANO ZAPATA,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:21-CV-00562-RP** |
| **HAYS COUNTY JUVENILE** | § | |
| **DETENTION CENTER and** | § | |
| **BRETT LITTLEJOHN, in his** | § | |
| **official capacity,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Defendants' Rule 12(b)(7) Motion to Dismiss for Failure to Join a Required Party Or, in the Alternative, Rule 19 Motion to Join as a Required Party to this Lawsuit, filed January 31, 2022 (Dkt. 15);[1] Plaintiff's Response, filed February 14, 2022 (Dkt. 17); and Defendants' Reply, filed February 22, 2022 (Dkt. 18). On April 22, 2022, the District Court referred the motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

---

[1] While Defendants do not caption their motion as a *Partial* Motion to Dismiss, they seek dismissal only of Plaintiff's IDEA claims and not his claims under Title II of the American with Disabilities Act, Section 504 of the Rehabilitation Act, and the Civil Rights Act.

1

## I.    General Background

### A.  Parties

Plaintiff Emiliano Zapata brings this lawsuit against the Hays County Juvenile Detention Center ("HCJC") and its Administrator, Brett Littlejohn (collectively, "Defendants"), alleging claims under Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and the Eighth Amendment to the United States Constitution. Plaintiff is a student in Hays County, Texas who is eligible to receive special education and related services under the IDEA based on learning disabilities, speech impairment, Attention Deficit Hyperactivity Disorder, autism, and other disorders.[2]

Defendant HCJC is residential juvenile detention facility in Hays County. Non-Party John H. Wood, Jr. Public Charter District a/k/a JHW Inspire Academy ("Inspire Academy") is a public charter school that entered into a Memorandum of Understanding ("MOU") with HCJC to provide certain education, special education, and related services to eligible residents of HCJC.

### B.  Relevant Statutes

Congress enacted the Individuals with Disabilities Education Act ("IDEA") to ensure that all children with disabilities have access to public education, including special education and related services. 20 U.S.C. § 1400(d)(1)(A). The IDEA requires states receiving designated federal funds to implement policies and procedures to assure that each disabled student residing in the state between the ages of three and twenty-one receives a "free appropriate public education," or "FAPE." *R.H. v. Plano Indep. Sch. Dist.*, 607 F.3d 1003, 1008 (5th Cir. 2010) (quoting 20 U.S.C. §§ 1412(a)(1), 1415(a)). Under the IDEA, an "individualized education program," known as an "IEP," "serves as the 'primary vehicle' for providing each child with the promised FAPE." *Fry v.*

---

[2] Plaintiff was eighteen years old when he filed this lawsuit. Dkt. 1 ¶ 2.1.

*Napoleon Cmty. Sch.*, 137 S. Ct. 743, 749 (2017). The IDEA also requires states to provide "related services," such as counseling, speech therapy, physical therapy, recreation, and other rehabilitation services. 20 U.S.C. § 1401(26).

Moreover, under the IDEA's "child find" obligations, a state receiving federal funds must maintain policies and procedures to ensure, among other things, that "[a]ll children with disabilities . . . who are in need of special education and related services, are identified, located, and evaluated." 20 U.S.C. § 1412(a)(3); *Spring Branch Indep. Sch. Dist. v. O.W. by Hannah W.*, 961 F.3d 781, 790 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1389 (2021).

The IDEA applies to eligible students in traditional schools and to those who are confined in residential juvenile detention centers. *Id.* §1412(a)(1)(A) ("A free appropriate public education is available to all children with disabilities residing in the State between the ages of 3 and 21, inclusive, including children with disabilities who have been suspended or expelled from school."). In Texas, the legislature has mandated that:

> The Texas Education Agency, the Health and Human Services Commission, the Department of Family and Protective Services, and the Texas Juvenile Justice Department by a cooperative effort shall develop and by rule adopt a memorandum of understanding. The memorandum must:
>
> (1) establish the respective responsibilities of school districts and of residential facilities for the provision of a free, appropriate public education, as required by the Individuals with Disabilities Education Act . . . including each requirement for children with disabilities who reside in those facilities.

TEX. EDUC. CODE ANN. § 29.012(d)(1) (West 2019). Under the implemented Memorandum of Understanding Concerning Interagency Coordination of Special Education Services to Students with Disabilities in Residential Facilities, "local education agencies" must provide or ensure provision of a FAPE to students with disabilities residing in residential facilities "in accordance with the IDEA, applicable federal regulations, and state laws and rules." 19 TEX. ADMIN. CODE

§ 89.1115(d)(1)(A). Local education agency ("LEA") is defined as "any public authority, institution, or agency having administrative control and direction of a public elementary or secondary school, including a public charter school that is established as an LEA under state law." *Id.* § 89.1115(c)(4).

Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, also protect children with disabilities. *Fry*, 137 S. Ct. at 749. Title II forbids any "public entity" from discriminating based on disability, and Section 504 applies the same prohibition to any federally funded "program or activity." 42 U.S.C. §§ 12131-12132; 29 U.S.C. § 794(a). Both statutes and related regulations require public entities to make "reasonable modifications" to their "policies, practices, or procedures" when necessary to avoid such discrimination. *Fry*, 137 S. Ct. at 749-50. Both statutes also authorize individuals to seek redress for violations of their substantive guarantees by bringing suits for injunctive relief or money damages. *Id.* at 750 (citing 29 U.S.C. § 794a(a)(2); 42 U.S.C. § 12133).

### C.  Plaintiff's Detention and Administrative Proceedings

On May 20, 2020, Plaintiff was arrested and sent to HCJC, where he was detained for approximately 40 days before his release on July 7, 2020.[3] Plaintiff alleges that he was placed in solitary confinement as a result of bullying by other minors and because he displayed symptoms of COVID-19. Plaintiff complains that he was not timely identified as a student eligible for special education and related services and did not receive such services during his confinement, in violation of his rights under the MOU between HCDC and Inspire Academy.

---

[3] Plaintiff was 17 years old when he was arrested and detained. On October 21, 2020, Plaintiff was rearrested and sent back to HCJC; he remains in HCJC custody. Dkt. 15-2 at 9. This suit challenges only the 40-day period of confinement.

On June 26, 2020, Plaintiff's father Elis Zapata filed an administrative complaint with the TEA on Plaintiff's behalf requesting an IDEA due process hearing. Dkt. 15-3 (the "TEA Complaint"). In the TEA Complaint, Plaintiff alleged that that Inspire Academy and HCDC: (1) failed to identify and evaluate him as a student with a disability in need of special education; (2) denied him a FAPE by failing to develop and implement an IEP designed to meet his unique needs; and (3) denied him a FAPE by failing to provide related services in the areas of speech, counseling, applied behavioral analysis therapy, occupational therapy, and social skills training. Plaintiff also alleged that the failure to provide him with special education and related services violated his rights under the ADA, Section 504 of the Rehabilitation Act, the Civil Rights Act, and other statutes.

Two weeks after filing his TEA Complaint, Plaintiff settled his lawsuit with Inspire Academy, and all of his claims against Inspire Academy were dismissed with prejudice. Dkt. 15-4. On March 26, 2021, the Special Education Hearing Officer ("SEHO") granted HCJC's motion to dismiss and dismissed all claims against HCJC. Dkt. 15-6. The SEHO concluded that, "under state regulations governing the provision of a FAPE to students with disabilities in residential facilities, the obligation to provide [Plaintiff] a FAPE rests with the LEA [Inspire Academy], rather than HCJC." *Id.* at 4. The SEHO further reasoned:

> Petitioner raised—and previously settled—claims against Inspire Academies, the LEA responsible for providing Student a FAPE while a resident at HCJC. As a result, Student has been evaluated by the LEA, identified as eligible for special education and related services, and has an IEP being implemented by the LEA. Because Student's educational needs are being met by the Inspire Academies consistent with the LEA's obligation to provide or ensure the provision of FAPE, dismissal of Petitioner's claims under the IDEA against HCJC is appropriate.

*Id.* at 5. The SEHO also dismissed all of Plaintiff's non-IDEA claims for lack of jurisdiction.

### D.  Litigation

On June 24, 2021, Plaintiff filed this lawsuit against HCJC and Littlejohn, asserting claims under the Eighth Amendment's cruel and unusual punishment clause, Section 504 of the Rehabilitation Act, and Title II of the ADA. Dkt. 1 ¶¶ 5.1-6.8. While Plaintiff does not allege a separate claim under the IDEA, he alleges that HCJC violated its duties under the IDEA and the MOU by failing to assess him for special education and related services for more than 30 days after he entered the facility and by depriving him of those services, thereby depriving him of a FAPE. *Id.* ¶ 4.3. Plaintiff also alleges that his placement in solitary confinement "was physically and psychologically detrimental" and caused him "physical, mental and emotional harm," in violation of his rights under the Eight Amendment, the Rehabilitation Act, and the ADA. *Id.* ¶ 4.5. Plaintiff seeks an order reversing the SEHO's decision, as well as compensatory damages, attorneys' fees, and costs.

Defendants now ask the Court to dismiss Plaintiff's IDEA claims pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join Inspire Academy as a necessary party under Rule 19. Plaintiff opposes the motion.

### II.    Legal Standards

Rule 12(b)(7) permits dismissal of an action for "failure to join a party under Rule 19." Rule 19 "provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. It further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438-39 (5th Cir. 2003). "Rule 19 is designed to protect the interests of absent persons as well as those already before the court from multiple litigation or inconsistent judicial determinations." *Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 584 (5th Cir. 2020), *cert. denied*, 2022 WL 1528374 (2022); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005)

("Rule 19 provides for the joinder of parties who should or must take part in the litigation to achieve a just adjudication.").

Determining whether to dismiss a case for failure to join an indispensable party under Rule 12(b)(7) requires a two-step inquiry. *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009). First, the court must determine under Rule 19(a) whether a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a "required party" to the lawsuit. Rule 19(a)(1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

If joinder is not required under Rule 19(a), "no inquiry under Rule 19(b) is necessary." *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990). If joinder is required but the party "cannot be joined" the court moves on the second step under Rule 19(b), where "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." In determining whether to dismiss a case under Rule 19(b), courts consider the following factors:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FED. R. CIV. P. 19(b).

The decision whether a party is indispensable can be made only after considering the "context of particular litigation." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968). District courts "are reluctant" to grant motions to dismiss under Rule 12(b)(7). 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1359 (3d ed. 2022 Update) ("WRIGHT & MILLER"). "In reviewing a Rule 12(b)(7) motion, a court must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party." *Id.* The court may consider "the allegations of the complaint and the affidavits and other proofs adduced in contradiction or support thereof." *Estes v. Shell Oil Co.*, 234 F.2d 847, 849 (5th Cir. 1956); *see also Fletcher's Original State Fair Corny Dogs, LLC v. Fletcher-Warner Holdings LLC*, 434 F. Supp. 3d 473, 498 (E.D. Tex. 2020). A party seeking dismissal under Rule 12(b)(7) bears the burden of showing that a missing party is necessary. *Hood*, 570 F.3d at 628. But, "after 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'" *Id.* (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)).

8

### III.     Analysis

Defendants argue that Inspire Academy is a required party under Rule 19 because "Inspire Academy is the 'local education agency' ('LEA') that is responsible for the provision of IDEA educational and related services to HCJC," and because: "Through his IDEA claims, Plaintiff is requesting relief that only Inspire Academy—as the LEA—can provide." Dkt. 15 at 2. As Plaintiff's claims against Inspire Academy under the IDEA have been dismissed with prejudice, Defendants argue that Inspire Academy cannot be joined because Plaintiff's IDEA claims would be barred by *res judicata*. Defendants further argue that Plaintiff's IDEA claims should be dismissed because complete relief cannot be afforded and Defendants face a substantial risk of incurring inconsistent obligations in Inspire Academy's absence.

While Plaintiff acknowledges that HCJC assigned most of its duties under the IDEA to Inspire Academy under the MOU, it contends that HCJC retained responsibility for its own employees' actions, and for providing necessary psychological and counseling services under the IDEA to eligible students. Plaintiff argues that Inspire Academy is not a required party because it no longer has an interest in this case since it settled all of its claims with Plaintiff, and because complete relief can be accorded among the existing parties. Therefore, Plaintiff contends, the Court need not reach the Rule 19(b) analysis. Alternatively, Plaintiff argues that even if Inspire Academy is a required party, this action should proceed without it in the interests of justice.

In sum, Defendants argue that Inspire Academy is a required party under Rule 19(a)(1) because (1) complete relief cannot be afforded in Inspire Academy's absence; and (2) Inspire Academy has an interest in the subject matter of this lawsuit and Defendants face a substantial risk of incurring inconsistent obligations in its absence. Defendants have the burden to demonstrate that Inspire Academy is a required party under Rule 19(a)(1). *Hood*, 570 F.3d at 628; *Bro-Tech Corp. v. Purity Water Co. of San Antonio*, 681 F. Supp. 2d 791, 806 (W.D. Tex. 2010).

9

**A.  Inspire Academy Is Not a Required Party under Rule 19(a)(1)(A)**

A party is a required party if the court would not be able to "accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). "In determining whether complete relief can be accorded, the key inquiry is whether the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." *Texas v. Ysleta del Sur Pueblo*, No. EP-17-CV-179-PRM, 2018 WL 7288032, at *6 (W.D. Tex. Aug. 27, 2018) (quoting FED. R. CIV. P. 19(a)(1)(A) advisory committee's note to 1966 amendment). "The term complete relief under Rule 19(a)(1)(A) refers only to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought." *StoneCoat of Texas, LLC v. ProCal Stone Design, LLC*, No. 4:17-CV-00303, 2019 WL 9899507, at *9 (E.D. Tex. Mar. 27, 2019) (citation omitted).

Defendants argue that Plaintiff seeks relief that only Inspire Academy "as the undisputed LEA" can provide and, therefore, the Court could not grant complete relief to the parties. Dkt. 15 at 2. In support of this argument, Defendants focus on the IDEA claims Plaintiff alleged in his TEA Complaint before the SEHO. There, Plaintiff sought relief against HCJC *and* Inspire Academy for compensatory education services, an IEP, a finding that Plaintiff has been denied a FAPE, and reimbursement of education and related services. Dkt. 15 at 7. Those claims are irrelevant, however, because Plaintiff settled all of those claims against Inspire Academy and now brings a Complaint against HCJC and Littlejohn. In this case, Plaintiff asserts claims under the Civil Rights Act, the ADA, and the Rehabilitation Act. Dkt. 1 ¶¶ 5.1-6.8. Plaintiff does not assert a separate IDEA claim in his Claims for Relief. *Id.*

Even if Plaintiff's Complaint could be construed as alleging a claim under the IDEA, Defendants fail to sustain their burden to show that the Court cannot provide complete relief to Plaintiff in Inspire Academy's absence. While Plaintiff acknowledges that HCJC assigned most of

its duties under the IDEA to Inspire Academy pursuant to the MOU,[4] Plaintiff contends that HCJC retained responsibility for its own employees' actions, and for providing necessary psychological and counseling services under the IDEA to eligible students. For example, under the MOU attached to Plaintiff's Complaint ("Plaintiff's MOU"), HCJC agreed to the following:

> 3. Each Student will be assessed for eligibility, according to IDEA and TEA standards, for special education instructional services.
>
> 4. HCJC will obtain all required forms for admission to JHW, including consent from parents . . . .
>
> * * *
>
> 16. Any psychological therapy/counseling required by a student will be provided by HCJC as a part of the patient's treatment program. This therapy shall be provided by certified staff qualified to provide such services.[5]

Dkt. 1-1 §§ 3, 4, 16. Similarly, under the MOU attached to Defendants' Motion ("Defendants' MOU"), HCJC agreed to the following:

> 2. HCJC will obtain all required forms for admission to JHW, including consent from parents or guardians . . . .
>
> * * *
>
> 13. To the extent consistent with the provision of appropriate psychiatric care and services, HCJC will schedule psychiatric, counseling, and other services in order to provide minimal disruption to educational services being provided by JHW . . . .
>
> * * *
>
> 18. Services for individual special education students will begin as soon as an Admission, Review, and Dismissal (ARD) Committee has met and prepared an Individualized Educational Plan (IEP) and after the student has completed all enrollment procedures. HCJC agrees to notify JHW within three days of a student's enrollment at HCJC. HCJC will provide parent(s) or guardian(s) with

---

[4] The parties rely on two different versions of the MOU. Plaintiff attached to his Complaint a MOU that he alleges was in effect at the time of his detention and was the version relied on in the administrative proceedings before the SEHO. Dkt. 1-1. Defendants attached a MOU dated July 14, 2014, which they contend was in effect at the time of Plaintiff's detention. Dkt. 15-1. The Court need not resolve this factual dispute for the purpose of ruling on the instant Motion because both versions support Plaintiff's argument that HCJC had its own independent duties to provide services to Plaintiff. In addition, in reviewing this motion, the Court "must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party." 5C WRIGHT & MILLER § 1359.

[5] The IDEA's supporting regulations provide that psychological and counseling services are part of "related services" under the statute. 34 C.F.R. § 300.34(a).

and assist with the completion of all necessary forms for enrollment into the JHW program. Both parties understand and agree that eligible students residing at HCJC must formally enroll with JHW in order to receive JHW services. Upon enrollment, HCJC will provide the name of a contact person for each enrolled student.

Dkt. 15-1 ¶¶ 2, 3, and 18.

Plaintiff alleges that HCJC violated the above provisions and denied him a FAPE by failing to timely identify him as eligible for special education and related services and by failing to provide those services. Plaintiff seeks the following relief in his Complaint: reversal of the SEHO's decision; compensatory damages; and attorneys' fees and costs. Dkt. 1 at p. 10-11. Thus, Plaintiff seeks only injunctive relief or the same relief that he sought in his TEA Complaint. In addition, while HCJC disputes that it was a LEA with authority to provide Plaintiff with a FAPE, Plaintiff has alleged sufficient facts to state a plausible claim that HCJC was responsible for providing psychological and counseling services under the IDEA. "The assessment of complete relief is based on the then-existing facts. Courts do not consider whether the absent party might later be responsible on theories of contribution or indemnification." *StoneCoat of Texas*, 2019 WL 9899507, at \*10. Thus, even if later proven that HCJC cannot provide the relief Plaintiff seeks, Inspire Academy is not a necessary party under Rule 19. *Id.*

In addition, Defendants have not negated Plaintiff's allegation that HCJC and Inspire Academy both were LEAs that failed to provide Plaintiff a FAPE. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple*, 498 U.S. at 7. It is well established that Rule 19 does not require the joinder of joint tortfeasors, principal and agent, or persons against whom a party has a claim for contribution. *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987). The Advisory Committee Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." *Temple*, 498 U.S. at 7.

12

Accordingly, Inspire Academy need not be joined simply because it was a joint LEA with HCJC that failed to fulfill its duties under the IDEA, as Plaintiff alleges. Defendants fail to show that the Court could not "accord complete relief among existing parties."

### B.  Inspire Academy Is Not a Required Party under Rule 19(a)(1)(B)

Even if a court can grant complete relief in a nonparty's absence, a nonparty still may be deemed necessary under Rule 19(a)(1)(B). Under Rule 19(a)(1)(B), if a party claims an interest in the litigation, it may be a necessary party if disposing of the action without the nonparty would impair the nonparty's ability to protect its interest, FED. R. CIV. P. 19(a)(1)(B)(i), or expose an existing party to a substantial risk of incurring multiple or inconsistent obligations, FED. R. CIV. P. 19(a)(1)(B)(ii). When evaluating necessity under Rule 19(a)(1)(B), subsection (i) looks to the effect of non-joinder on the absent party, while subsection (ii) examines its effect on those who are already parties. Under either subsection, the threshold question is whether the absent party has "an interest relating to the subject of the action." FED. R. CIV. P. 19(a)(1)(B).

Defendants argue that Inspire Academy has an interest in the subject matter of Plaintiff's IDEA claims because, "notwithstanding settlement—Inspire Academy retains an interest in Plaintiff's right to a FAPE." Dkt. 18 at 7. However, Rule 19(a)(1)(B) is applicable only when the absent party's interest in the subject matter of the underlying action is "of such a direct and immediate character that the absent party will either gain or lose by the direct legal operation and effect of the judgment." *Pavecon Holding Co. v. Tuzinski*, No. 4:16-CV-888-ALM, 2017 WL 2539414, at *3 (E.D. Tex. May 19, 2017) (quoting *United Keetoowah Band of Cherokee Indians of Okla. v. U.S.*, 480 F.3d 1318, 1324-25 (Fed. Cir. 2007)), *R. & R. adopted*, 2017 WL 2506468 (E.D. Tex. June 9, 2017). The issue is whether the absent party "claims" a legal interest, not whether the party simply

has an interest in the lawsuit. *Commonwealth of Pennsylvania v. Think Fin., Inc.*, No. 14-CV-7139, 2016 WL 183289, at *5 (E.D. Pa. Jan. 14, 2016).

It is implicit in Rule 19(a) that before an absent party will be joined as a defendant, "the plaintiff must have a cause of action against it." *Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*, 875 F.2d 453, 457 (5th Cir. 1989). Courts have found that a party who chooses to settle a lawsuit with the plaintiff no longer has a legal interest in the subject matter of the underlying action. *See U.S. ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 908 (9th Cir. 1994) (finding that former defendant was not a necessary party who had to be joined in suit after he settled with plaintiff, demonstrating that he "did not feel that it was necessarily in his interest to remain a party in this action"); *Duggan v. Martorello*, No. CV 18-12277-JGD, 2022 WL 952187, at *7 (D. Mass. Mar. 30, 2022) (holding that former defendant no longer had an interest in suit where he had entered into settlement agreement); *Smith v. Martorello*, No. 3:18-CV-1651-AC, 2021 WL 5910652, at *2-3 (D. Or. Dec. 14, 2021) (finding that "the best evidence that the continuation of this action would not impair or impede the Settled Parties' ability to protect their interests is that they stipulated to dismissal, indicating that they themselves did not feel that it was necessarily in their interest to remain a party in this action") (cleaned up).

As previously discussed, the fundamental purpose of Rule 19 is to protect the interests of absent persons from multiple litigation or inconsistent judicial determinations. *Robertson*, 976 F.3d at 584. That concern is no longer present in this case because Inspire Academy chose to settle Plaintiff's claims against it. In addition, Inspire Academy does not seek joinder. The fact that an absent party does not seek joinder by its own volition indicates that it lacks an interest relating to the subject matter of the action. *Broad. Music, Inc. v. Armstrong*, No. EP-13-CV-0032-KC, 2013 WL 3874082, at *6 (W.D. Tex. July 24, 2013); *Inmobiliaria Axial, S.A. de C.V. v. Robles Int'l*

*Servs.,* EP-07-CA-00269KC, 2007 WL 2973483, at *4 (W.D. Tex. Oct.11, 2007) (weighing fact that absent party did not seek to join action and only existing defendant advocated joinder against claim that absent party had an interest in action).

Defendants have failed to demonstrate that Inspire Academy is a necessary party under Rule 19(a). Because the Court finds that joinder is not required under Rule 19(a), "no inquiry under Rule 19(b) is necessary." *Temple*, 498 U.S. at 8.

## IV.    Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendants' Rule 12(b)(7) Motion to Dismiss for Failure to Join a Required Party or, in the Alternative, Rule 19 Motion to Join a Required Party to this Lawsuit (Dkt. 15).

**IT IS ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** on May 18, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE