# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| EMILIANO ZAPATA, § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> HAYS COUNTY JUVENILE § <br> DETENTION CENTER and BRETT § <br> LITTLEJOHN, § <br> *Defendants* § | Case No. 1:21-cv-00562-RP |

## O R D E R

Now before the Court are Defendants' Opposed Motion to Compel Discovery, filed December 7, 2022 (Dkt. 41); Defendants' Motion to Compel Discovery, filed December 13, 2022 (Dkt. 42); and the related response and reply briefs. By Text Orders entered December 16, 2022, the District Court referred the Motions to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended ("Local Rules").

### I.  Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court

must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

## II.  Analysis

The discovery deadline in this case expired on May 2, 2022. Agreed Scheduling Order, Dkt. 13 ¶ 7; *see also* Order Resetting Jury Selection and Trial, Dkt. 30 (resetting only jury selection and trial date). Local Rule CV-16 provides: "Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 14 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery." Defendants' Motions were filed seven months late and they have not established – or even argued – that any exceptional circumstances exist. Accordingly, Defendants' Motions to Compel are **DENIED** as untimely under Local Rule CV-16.

## III.  Conclusion

Defendants' Opposed Motion to Compel Discovery (Dkt. 41) and Defendants' Motion to Compel Discovery (Dkt. 42) are **DENIED**.

It is **FURTHER ORDERED** that this case be **REMOVED** from the undersigned Magistrate Judge's docket and **RETURNED** to the docket of the Honorable Robert Pitman.

**SIGNED** on December 21, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE